**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHARLES DALE**                                    **CIVIL ACTION**

**VERSUS**                                                 **NUMBER 07-596-JJB-DLD**

**WEILER AND COMPANY, INC.**

## ORDER

This matter is before the court on a referral from the district court on defendant's motion to exclude expert testimony. (rec. doc. 23). The motion is opposed.

*Background*

On March 18, 2008, the court issued a scheduling order, setting forth deadlines for the exchange of expert reports. (rec. doc. 14) On November 5, 2008, the parties filed a joint motion for extension of the discovery deadlines, specifically noting that the plaintiff and intervenor did not yet have expert reports as they were waiting on discovery about the complex piece of equipment from plaintiff's employer, which they recently had received and the respective experts were reviewing the information in the preparation of their reports. The court extended the deadlines, and on February 3, 2009, defendant filed an unopposed motion for extension of the discovery deadlines (rec. doc. 21), requesting additional time because the other parties had not yet responded to discovery or produced an expert report. The court again extended the deadlines. (rec. doc. 22) Plaintiff's expert reports were due on April 15, 2009, and defendant's expert reports were due on May 15, 2009.

Plaintiff produced an expert report on June 1, 2009, and concedes that his report was late, but offers extenuating circumstances for the delay. Plaintiff had contacted one expert, and later lost contact with him when the expert failed to return telephone calls. Because of the approaching deadlines, the intervenor hired another expert to inspect the allegedly defective machinery at issue in this lawsuit. Plaintiff and/or intervenor then

submitted the June 1, 2009, report to defendant. (rec. doc. 26) In the meantime, defendant submitted its expert report on May 15, 2009. On the same day, defendant filed the instant motion, seeking to exclude the expert testimony of plaintiff's and/or intervenor's expert for failing to provide an expert report by April 15, 2009.

## *DISCUSSION*

As the parties are aware, discovery issues are under the broad discretion of the court. In this case, there is no trial date set, and the plaintiff has shown good cause for the six-week delay in producing his expert report. At the time when defendant's expert report was due, defendant could have requested an extension of time to file his own expert report, just as he had done previously. Instead, defendant produced an expert report without having had the benefit of reviewing the opposition's expert report, and simultaneously filed the present motion.

On July 30, 2009, defendant filed an unopposed motion for extension of the discovery deadlines (rec. doc. 32), which the court has granted, thereby rendering the issue of the untimely expert report moot. The parties may now move forward with further expert discovery, including if necessary, supplemental reports.

Accordingly,

**IT IS ORDERED** that the motion to exclude expert testimony is **DENIED.**

Signed in Baton Rouge, Louisiana, on July 31, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**